BAAR v. KIRBY.

1. MUNICIPAL CORPORATIONS—RESOLUTIONS OF COUNCIL—LODGING VETO WITH CLERK.

Under Act No. 215, Pub. Acts 1895, chap. 9, § 3, giving the mayor of a city of the fourth class three days after the passage of an ordinance or resolution by the council within which he may lodge his veto in the office of the clerk, the placing of a veto in the hands of the clerk at his residence in the evening, within the prescribed time, after making an ineffectual attempt to gain admittance to his office in the afternoon, is sufficient to give the veto effect.

2. SAME—VETO POWER.

Under the further provision of the same section that "no ordinance or resolution" shall have any effect in such case unless passed over the veto, a resolution transferring moneys from the contingent to a special fund may be vetoed.

*Certiorari* to Ottawa; Padgham, J. Submitted October 4, 1898. Decided October 18, 1898.

*Mandamus* by Jacob Baar, mayor of the city of Grand Haven, to compel Thomas E. Kirby, city clerk, to file a veto message. From an order denying the writ, relator brings *certiorari*. Reversed.

*Charles O. Smedley*, for relator.

*Charles E. Soule*, for respondent.

LONG, J. Relator is the mayor of the city of Grand Haven. Respondent is the clerk of that city. It appears that at a regular meeting of the common council of that city held on June 2, 1898, a resolution was adopted by a majority vote of that body to transfer the sum of over $7,000 of the contingent funds in the city treasurer's hands, and divide and apportion said moneys to several different funds. The relator, as mayor, on June 3d filed a notice with the clerk that it was his intention to veto the resolution. On Saturday, June 4th, he prepared his veto, went to the office of the city clerk about 25 minutes after 4 o'clock in the afternoon, and found the office locked and the clerk absent. He found the clerk at his residence about 7 o'clock in the evening of that day, and left the veto message with him for filing on that day; and relator claims that he was given to understand the clerk would so file it. The clerk in fact did not place the filing thereon until the following Monday, which was June 6th. The relator presented a petition to the circuit court for Ottawa county for a *mandamus* to compel the clerk to file said veto message as of June 4th. In that petition he sets out the facts above set forth, and alleges that —

"Afterwards, at a meeting of said city council held on June 9, 1898, the said veto was ignored and considered by said city council as null and void, because it was not filed within the statutory period (which statutory period was three days, and expired June 5th); and the said council gives it out and says that the said veto is null and void

and of no effect, and that said Alderman Kiel's report and resolution are valid, and that said council will consider the same valid, and shall consider said veto invalid."

On return to an order to show cause, counsel for respondent, without filing an answer, moved that the petition be quashed, on the grounds:

(1) That it did not show upon its face that the veto had been lodged in the office of the city clerk within the period prescribed by the charter.

(2) That it did not show any resolution subject to the mayor's veto.

This motion was granted by the court below. The case comes to this court by writ of *certiorari*.

The report of the committee which the resolution adopted recommended the transference from the contingent fund of $7,084.88, and placed it in several funds, such as electric light fund, fire department fund, general street fund, water fund, police fund, poor fund, bonded debt fund, etc. It was the resolution adopting this report that the mayor attempted to veto, in which veto he claimed that it was illegal to divide the contingent fund, and distribute it to these several funds. Whether it was legal or not we do not attempt to decide. The city of Grand Haven is of the fourth class, under Act No. 215, Pub. Acts 1895. By the act, the mayor is made the president of the council, but he has no vote therein except in case of a tie, when he has the casting vote. Section 3, chap. 9, of the act, provides:

"No ordinance or resolution passed by the council shall have any force or effect if, on the day of its passage, or on the next day thereafter, the mayor, or other officer or person legally discharging the duties of mayor, shall lodge in the office of the clerk a notice in writing suspending the immediate operation of such ordinance or resolution. If the mayor, or other officer or person legally exercising the office of mayor, shall, within three days after the passage of any such ordinance or resolution, lodge in the office of the city clerk his reasons in writing why the same should not go into effect, the same shall not go into

effect, nor have any legal operation, unless it shall, at a subsequent meeting of the council, be passed by a two-thirds vote of all the aldermen elect, exclusive of the mayor, or other officer or person legally exercising the duties of the office of mayor, and, if so repassed, shall go into effect according to the terms thereof. If such reasons shall not be lodged with the clerk as above provided, such ordinance or resolution shall have the same operation and effect as if no notice suspending the same had been lodged with the city clerk; and no ordinance or resolution of the council shall go into operation until after the expiration of twenty-four hours after its passage, unless the said mayor, or acting mayor, shall approve the same in writing."

1. We think the veto message was lodged in the office of the city clerk within the time prescribed by the statute, within its meaning. The mayor gave the notice required by the act, which suspended the immediate operation of the resolution, and this was followed up by the veto message within the time required. It is true that he did not find the clerk in his office in the afternoon; but at 7 o'clock that evening he placed it in his hands, and it became the duty of the clerk to at once place the filing thereon. The statute cannot have the restricted meaning sought to be placed upon it. The lodging of the message in the office of the city clerk was accomplished when it was placed in the hands of the city clerk for filing in his office within the time prescribed.

2. The claim that it was not a resolution which, under the statute, the mayor had the power to veto, has no force. The statute provides that no ordinance or resolution passed by the council shall have any force or effect if the notice is given, and such ordinance or resolution shall not go into effect when the veto message is interposed within the time prescribed, unless the same is passed over the veto by a two-thirds vote of all the aldermen elect.

The order made by the court below will be vacated, and the writ of *mandamus* issued as prayed, with costs of this motion.

The other Justices concurred.