## Browne v. City of Winchester, et al.

(Decided May 1, 1913.)

### Appeal from Clark Circuit Court.

Municipal Corporations—Cities of Fourth Class—Ordinances—Veto—Section 3503, Kentucky Statutes.—Under the charter of cities of the fourth class (Section 3503, Kentucky Statutes), the veto of an ordinance by the mayor is effective where he vetoes the ordinance within ten days after its passage, and within that time returns it, together with his objections in writing, to the city clerk in person, and the failure of the city clerk thereafter to lay the ordinance, together with the written objections of the mayor, before the board of council, does not render the veto inoperative.

G. F. WYCOFF for appellant.

J. F. WINN, J. SMITH HAYS and JOHN M. STEVENSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 5, 1909, the board of council of the city of Winchester, a city of the fourth class, enacted an ordinance which was thereafter approved by the mayor and

published as required by law, fixing the salary of the mayor at $1,200 per annum.

On December 6, 1909, the board of council passed several ordinances fixing the salaries of the various city officers, and among them an ordinance fixing the salary of the mayor at $500 per annum. On the one hand it is claimed that this ordinance became a law without the signature of the mayor, and on the other hand it is claimed that the ordinance was vetoed in proper time by the mayor.

On December 23, 1909, J. A. Hughes was elected Mayor by the board of council for the term of four years beginning on the first Monday in January, 1910.

Thereafter there was a controversy between the mayor and the members of the board of council with reference to the salary which the mayor was entitled to receive. On January 7, 1911, the board of council enacted an ordinance imposing upon the mayor the duty of superintending the construction and repair of all streets, alleys, crossings and all street improvements, including the supervision of the operation of the quarry for crushing and spreading its stone, and the purchase of supplies incident to the proper construction and repair of the streets, alleys and crossings, and fixing his salary for these additional duties at $700 per annum, thus fixing his salary, in the event the ordinance of December 6, 1909, was valid, at $1,200 per annum.

Section 161 of the Constitution provides:

"The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Section 3553, Kentucky Statutes, is as follows:

"Salary of Mayor. The mayor may be allowed an annual salary to be fixed by the council, and no change in the amount shall be made to take effect during the term for which any mayor is elected or appointed."

This action was brought by I. H. Browne, a citizen and taxpayer of Winchester, Kentucky, against the city of Winchester, J. A. Hughes, its mayor, and various officers of the city, to enjoin them from paying the mayor the salary of $1,200 per annum. The petition alleges that the ordinance of December 6, 1909, was duly passed and was in full force and effect at the time of the enact-

ment of the ordinance of January 7, 1911, and that the latter ordinance was invalid because it changed the compensation of the mayor after his election and during his term of office, contrary to section 161 of the Constitution and section 3553, Kentucky Statutes, *supra*. The defendants pleaded in effect that the ordinance of December 6, 1909, was regularly vetoed by the mayor, and that the ordinance was never in force. They also pleaded the validity of the ordinance of January 7, 1911. Evidence was heard upon certain controverted questions of fact, and, on final hearing, the court, being of the opinion that the ordinance of December 6, 1909, was properly vetoed by the mayor, and that the ordinance of November 5, 1909, was in full force and effect, adjudged that the mayor was entitled to the salary of $1,200 per annum, but that having accepted the provisions of the ordinance of January 7, 1911, he thereby waived his claim to unpaid salary for the year 1910, and was not entitled to any salary for the year 1910 in excess of the sum of $500. From this judgment plaintiff appeals.

Section 3503, Kentucky Statutes, is as follows:

"It shall be the duty of the mayor or chief executive to sign the proceedings of every meeting of the board of council when the same shall have been written up by the clerk and approved by the board of council. The mayor shall have the power to approve or veto any ordinance or resolution. Any ordinance or resolution vetoed by the mayor or chief executive may be passed over the veto by a vote of two-thirds of the whole number of councilmen elected; and should the mayor refuse to sign any ordinance or resolution, or return the same to the city clerk with his objection in writing within ten days after its passage, the same shall take effect without his signature. In any ordinance appropriating money, the mayor or chief executive may veto any single item therein, and if such item be not passed over the veto in the same manner as herein provided, such item shall be disallowed."

The mayor and city clerk both swear that on the evening of December 15, 1909, and within ten days from the passage of the ordinance of December 6, 1909, fixing the salary of the mayor, city clerk and police judge, the mayor returned these ordinances, including the ordinance fixing the salary of the mayor, to the city clerk, together with the statement in writing to the effect that he had vetoed each of the ordinances because the salaries fixed by the ordinances of November 5, 1909, were reasonable,

whereas the salaries fixed by the ordinance of December 6, 1909, were unreasonable and unfair. The ordinances, together with the written objections of the mayor thereto, were placed in a sealed envelope addressed to the city clerk and delivered by the mayor to the city clerk at his residence. At that time the city clerk noted on the envelope the time of the filing, and next morning noted the filing of the papers on the papers themselves. The papers were then filed in his office. The evidence further shows that the city clerk has no regular office provided by the city, but is engaged in other business, and files in his own office all papers entrusted to his care and which he is required to preserve. The evidence for plaintiff is to the effect that some time within ten days after the passage of the ordinance of December 6, 1909, plaintiff and his father called the city clerk over the 'phone and the city clerk said that no veto had been filed with him. The plaintiff's father also testified that some time after December 15th, the city clerk made a similar statement to him. Upon these facts the trial court held that the ordinance of December 6, 1909, fixing the salary of the mayor at $500 was vetoed by the mayor and returned to the city clerk, together with his objections in writing, within ten days after the passage of the ordinance. After carefully considering the testimony, we see no reason to disturb the court's finding of fact.

Plaintiff insists that the veto was not effective because made in secret, and not presented to the board of council until after several meetings had elapsed. An examination of section 3503, Kentucky Statutes, *supra,* shows that an ordinance duly passed by the board of council can become effective only in following ways: (1) By the approval of the mayor; (2) by the refusal of the mayor to sign the ordinance or return the same to the city clerk, with his objection in writing, within ten days after its passage; (3) by its passage over the mayor's veto. After the mayor's veto of the ordinance in question, no attempt was made to pass it over his veto by a vote of two-thirds of the whole number of councilmen elected. That being true, the only question to be determined is: Was the ordinance in question properly vetoed The effectiveness of a veto by the mayor of a municipality depends upon the charter provision regulating that power. Some charters provide that the ordi-

nance vetoed shall be returned by the mayor with his objection in writing to the board of council, or to the board in which the ordinance originates. No such pro vision, however, is contained in the charters of cities of the fourth class. Under the section under consideration, all that is necessary for the mayor to do in order to render his veto effective is to veto and return the ordinance to the city clerk with his objection in writing, within ten days after the passage of the ordinance. The statute does not even provide that it shall be filed in the office of the city clerk. The reason for this is that it is not customary in such cities for the municipality to provide an office for its city clerk. The return of the ordinance to the city clerk in person, together with the written objections of the mayor, within the time required by the statute, was therefore sufficient to make the mayor's veto effective. Blair v. Kirby, 118 Mich., 392, 76 N. W., 755. No failure of the city clerk thereafter to lay the ordinance and the mayor's written objections thereto before the board of council could in anywise affect the veto. Nor could any subsequent remark or act on the part of the mayor give life to the ordinance, which had been vetoed and returned to the city clerk in the manner provided by the statute. The only way that the ordinance could thereafter be made effective was to pass it over the mayor's veto by a vote of two-thirds of the whole number of councilmen elected. Not having done this, the ordinance of December 6, 1909, fixing the salary of the mayor at $500 never became operative, and the ordinance of November 5, 1909, fixing the salary of $1,200, remained in full force and effect. That being true, the mayor was entitled to a salary of $1,200 per annum, without regard to the validity of the ordinance of January 7, 1911. There being no cross appeal by the mayor from that part of the judgment holding that the ordinance of January 7, 1911, was effective by way of compromise, and that the mayor having accepted its provisions had thereby waived his right to any salary in excess of $500 for the year 1910, and this part of the judgment being in favor of the city, and therefore not a matter of which a tax-payer may complain, it is unnecessary to consider or pass on the validity or effect of that ordinance.

Judgment affirmed.